LUIS E. DE SOTO, Plaintiff and Appellee, *v.* CLÍNICA INDUS-
TRIAL, INC., Defendant and Appellant.

No. 10100.   Argued November 7, 1949.—Decided January 31, 1950.

*Víctor Gutiérrez Franqui* and *Luis F. Sánchez Vilella* for appellant. *Guillermo Bauzá* for appellee. *Benicio Sánchez Castaño* as President and attorney of the Puerto Rico Bar Association, intervener herein.

OPINION OF MR. JUSTICE TODD, JR., IN WHICH MR. JUSTICE SNYDER CONCURS.

Section 11 of Act No. 43 of May 14, 1932, providing for the organization of the Bar Association of Puerto Rico, as amended by Act No. 60 of April 28, 1939, prescribes:

"Section 11.—It shall be the duty of every attorney at law to affix to the initial document filed by him in any judicial action or proceedings a stamp to be adopted and issued by the Bar Association, of the denomination of one (1) dollar; *and said initial document shall not be filed until the said stamp is affixed thereto.*"

In the present case the appellee prays for the dismissal of the appeal taken by appellant because the new attorneys of the defendant, upon filing in the lower court the notice of appeal, which is the initial document filed by them in this action, did not affix thereto the bar stamp of one dollar adopted by the Bar. Appellee maintains that, without said stamp, the notice of appeal is void and therefore that we are without jurisdiction to entertain the appeal.

The appellant has opposed the dismissal sought and alleges: (1) that in claims for wages, § 14 of Act No. 10 of November 14, 1917, as amended by Act No. 17 of April 11, 1945, provides that "No costs shall accrue in this class of suits", and (2) that, in any event, the duty imposed on the attorneys by § 11, *supra*, to affix the bar stamp on the initial document filed by him in an action, constitutes a personal duty imposed on the attorney, the nonperformance of which does not affect the rights of the party represented by the attorney in the suit.

Having deemed it advisable to hear the Bar Association before disposing of appellee's motion, we ordered that a copy of all the pleadings and additional evidence filed by the parties be served on it and gave it the opportunity to intervene and file a brief with all its points of view on the question involved herein. The Bar Association complied, through its President, and contends (1) that § 14 of the Act on claims for wages, *supra*, which provides that no costs shall accrue in that type of suits, is only applicable to the workman,.who "would not even need to affix the bar stamp if he is represented by counsel" but that it does not excuse the employer "from the costs" which include the bar stamp; (2) that the bar stamp, like any internal revenue stamp, the cancellation of which is required by the general statute regulating the collection of fees and costs in civil cases, Act No. 17 of March 11, 1915, is part of the costs, and (3) that the nonperformance of a personal duty imposed on the attorney by § 11, *supra*, affects his client.

■ We can not accept the first argument of the Bar Association. Section 14 of Act No. 10 of 1917, as amended by Act No. 17 of 1945, provides, in its first paragraph, in the original as well as in the amended text, that "No costs shall accrue in this class of suits", without making any distinction between the workman and the employer. Both are exempt from the payment of costs. When the Legislature intended to impose an additional duty on the employer, it expressly did so by amending § 14 in 1945, to provide in its second paragraph that "In all cases where a judgment is rendered in favor of the plaintiff, if he appears represented by a private attorney, the attorney's fees shall be assessed against the defendant". As to costs the exemption was absolute, but not as to attorney's fees.

■■ The other arguments presented by the Bar Association coincide with appellee's and we shall now pass to discuss them.

The record shows that the defendant was represented in the lower court by other attorneys until the day judgment was rendered for plaintiff and they were notified. Although it does not appear from the record that those attorneys withdrew from the case or that defendant refused their representation, the fact is that the notice of appeal is not signed by those but by other attorneys and that the notice was filed in the office of the clerk of the lower court without affixing the bar stamp, notwithstanding the fact that it was the initial document filed by those attorneys.[1]

Originally, and prior to its amendment by Act No. 60 of 1939, § 11 of Act No. 43 of 1932, provided:

"It shall be the duty of every attorney at law to affix to the initial document filed by him in any judicial action or proceedings a stamp to be adopted and issued by the Bar Association, of the denomination of one (1) dollar."

Construing this Section in its original form we decided in 1937 in *Iturrino* v. *District Court*, 50 P.R.R. 901, that it was a duty imposed upon the attorney as a member of the Bar Association but that no penalty was provided for failure to perform said duty, and on p. 902 we said: "The performance of the duty was not made a condition precedent to the filing of the document".

Two years later, the Legislature amended § 11 by adding the words "and said initial document shall not be filed until the said stamp is affixed thereto". It is obvious that notwithstanding the use of such indistinct language which gives the impression that it is the attorney who may not file it, the amendment actually provides that the clerk shall not file said document, for the duty to file the documents falls on

---

[1] After the record and motion of dismissal were filed in this Court, apellant's attorneys sent to the Clerk of the lower court a bar stamp and asked her to send it to the Clerk of this Court, which she did, requesting that it be affixed on the notice of appeal and cancelled. The Clerk has possession of the stamp.

said officer and not on the attorney. According to the very terms of § 11, the duty imposed on the attorney is to affix the bar stamp to the initial document "filed" by him in any action or judicial proceeding. The purpose of the amendment was precisely to make the performance of that duty imposed on the attorney to affix the stamp to the initial document which is "a condition precedent to the filing of the document" by the clerk, a prerequisite not previously required by law.

Now, is the bar stamp of the Bar Association included within the term "costs" of which the parties are exempted in cases of claims for wages, according to § 14 of Act No. 10, as amended, *supra*?

Appellee himself maintains that "the bar stamp is included as such [costs]" pursuant to the ruling in *Veve* v. *Municipality of Fajardo*, 18 P.R.R. 738, 744, to the effect that: "The term *costs* includes fees and reimbursements consisting of fixed and unalterable amounts previously specified by laws, regulations, or tariffs. . ." Appellee argues that the right of appeal is purely statutory and that unless all the requirements provided by law to appeal are complied with, this Court lacks jurisdiction to take cognizance of the appeal. He cites our cases under which Act No. 17 of March 11, 1915 regulating the collection of fees and costs in civil cases in the district and municipal courts have been construed and especially the case of *Vázquez* v. *Rivera*, 69 P.R.R. 883, where we said: ". . . in order that this Court should acquire jurisdiction to entertain the appeal taken by a party it is necessary for said party to comply strictly with the general provisions of the laws regulating appeals. The cancellation of the $2-internal revenue stamp, is one of the requirements prescribed by the Act and the noncompliance therewith renders the notice of appeal void and deprives this Court of jurisdiction. *Piñas* v. *Court*, 61 P.R.R. 176; *Figueroa* v. *Santiago et al.*, 38 P.R.R. 462; *Delgado et al.* v. *Cárdenas*, 34 P.R.R. 233; *Paz* v. *Bonet*, 30

P.R.R. 860; and *Nazario v. Santos, Municipal Judge*, 27 P.R.R. 83."

Of course, the appellant accepts this argument of the appellee and in turn argues: (1) that if the bar stamp is part of the costs, § 14, *supra*, exempts him from its payment, and. (2) that, in any event, since § 11, *supra*, does not prescribe,. as does § 6 of Act No. 17 of 1915 "That each and every document or instrument required by this Act to bear an internal revenue stamp or stamps shall be null and void . . . unless such stamps be attached thereto", but merely that it shall not be filed unless the bar stamp is affixed thereto, it was not the intention of the Legislature to deprive a party, if his attorney fails to comply with a personal duty, of his right of appeal in a claim for wages where the parties do not have to pay costs of any kind.

We are not bound to accept and decide, because the parties have agreed on this point, that the stamp of the Bar Association authorized by Act No. 43 of 1932, *supra*, is part of the costs in an action or judicial proceeding.

Section 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 (Laws of P. R. 1936–1937, p. 229) clearly specifies the expenses that are included in the costs allowed a party in whose favor any judgment or order is rendered. It enumerates them thus:

"(1) Any amount paid to the secretary of the court or to any district marshal;

"(2) Disbursements for such authentic copies of deeds and certificates of the registry of property or of any other official records as have been admitted in evidence;

"(3) Two (2) dollars for each witness and for each day of attendance at court, plus mileage in going from and returning to his residence;

"(4) The amount paid to the stenographer of the court for the transcription of any testimony of evidence or proceedings had in open court, if said transcription is ordered by the court;

"(5) Five (5) dollars for notary's fees and the fair value of the stenographic work in the taking of any deposition admitted in evidence; and

"(6) Any other disbursement which is necessarily made in connection with the proceedings in the case, as the court may deem proper, and which is subject to schedule."

The only paragraphs that could possibly cover the bar stamp are (1) and (6). Paragraph (1), however, refers, unquestionably, to the fees established by Act No. 17 of March 11, 1915, regulating the collection of fees and costs in civil cases in the district and municipal courts, *supra*, § 1 of which provides, in part: "That all amounts received in the offices of district and municipal courts in Porto Rico as fees in civil cases shall be paid in internal revenue stamps which shall be affixed by the secretaries and marshals, under their own responsibility, on the margin or at the foot of the documents registered. ..." Section 2 thereof gives a schedule of fees payable in internal revenue stamps. These fees are the amounts to be paid to the secretary or marshal of the court mentioned in paragraph (1) of § 327, *supra*.

As to paragraph (6), it refers to any other "disbursement which is necessarily made in connection with the proceedings in the case, as the court may deem proper, and which is subject to schedule". Although the amount of the bar stamp, one dollar, is fixed by law, it does not partake of the nature of a disbursement made by a litigant, for its payment is a personal duty imposed on the attorney, and it is not subject to what the court deems proper, for the statute requires its cancellation as a condition precedent to the filing of the initial document filed by the attorney. We have decided that only the expenses and disbursements specifically enumerated in § 327 are included in the term costs. *Colón* v. *Central Cambalache*, 65 P.R.R. 145; *Costas* v. *G. Llinás & Co.*, 66 P.R.R. 688, 710.

Although in some cases on approval of memoranda of costs, brought to this Court on appeal, the bar stamp has been

included as part of the costs, if through inadvertence of the attorneys said item was not challenged and the question was not raised or decided by this Court, however, those cases can not be invoked as authority to maintain, as does appellant, that we have considered the bar stamp as part of the costs. It is in the present case that for the first time the question is raised, and I think that it should be decided in the sense of answering in the negative the question previously posed by us, that is, that said stamp is not part of the costs.

██ Now, notwithstanding the conclusion I have reached that the bar stamp is not part of the costs, properly speaking, it should be borne in mind that in cases of this type, that is, claims for wages, our Legislature, by providing that the right of the workmen to claim their wages due and the correlative right of the employers to defend themselves in said cases, would not be subject to the payment of costs, clearly voiced its intention that in this type of suits the People of Puerto Rico was not interested in receiving for the Treasury funds any money on that account. The amount of the bar stamp, of course, goes to the funds of the Bar Association. I do not believe that it was the intention of the Legislature in amending § 11, *supra*, to frustrate the expressed right of the parties to litigate these cases without paying the costs, because an attorney does not comply with his personal duty of affixing the bar stamp to his initial document. Especially is this so since it was not provided that the failure to cancel the bar stamp would render the document void as was provided by § 6, *supra*, with regard to the internal revenue stamps. At least in the present case, and without it being considered a precedent, it should be decided that the notice of appeal filed by the attorneys may be considered as filed by the defendant-appellant. It cannot be gainsaid that a party affected by a judgment may file, by itself, the notice of appeal, without cancelling the bar stamp. In the instant

case the appeal involved was taken by the employer, but if, conversely, that is, the appellant were the workman, should his right of appeal be defeated because his attorney, through oversight or negligence, fails to cancel the bar stamp? I think not. Likewise I do not think that the right of the employer should be frustrated if the attorneys substantially complied with the personal duty imposed on them by law of sending the bar stamp.

I believe that the motion should be dismissed and the Clerk authorized to affix and cancel the bar stamp in the notice of appeal.

---

Opinion of MR. CHIEF JUSTICE DE JESÚS in which MR. JUSTICE MARRERO concurs.

I agree with the opinion rendered by Mr. Justice Todd, Jr., up to and including the paragraph which begins:

"Notwithstanding the fact that in some of the cases brought on appeal to this Court, on the approval of memoranda of costs, the bar stamp has been included as part of the costs, . . ." (Page 7.)

But I can not accept that although the affixing of the bar stamp is a duty imposed on the attorney and that it is not part of the costs, it was the intention of the Legislature to exempt the attorney from the obligation of affixing it in claims for wages, simply because costs do not accrue to that type of cases. If, as stated in the opinion, the bar stamp is not part of the costs, it is a *non sequitur* to hold that the exemption from the payment of costs in those cases excuses the attorney from affixing the bar stamp. If the intention of the Legislature would have been to excuse the attorneys from that obligation in this type of cases, it could have easily done so as it expressly did by providing in § 14 of Act No. 10 of 1917 ( (2) p. 216), as amended by Act No. 17 of 1945 that a respon-

dent in such cases—who is always the employer—shall have the duty to pay attorney's fees whenever the complaint is granted.

Section 11 of Act No. 43 of May 14, 1932, cited at the commencement of the opinion, expressly provides that *"and said initial document shall not be filed until the said stamp is affixed thereto."* And as if to emphasize its intention on this point, the Legislature underscored this phrase.[1] Unless the attorney complies with this obligation, the clerk can not lawfully file the document. Consequently, there was no notice of appeal before this Court to confer jurisdiction.

The fact that § 6 of Act No. 17 of 1915 which regulates the collection of fees and costs in civil cases provides that the failure to affix the internal revenue stamp shall render the document void and that § 11 of Act No. 43 of 1932, as amended by Act No. 60 of April 28, 1939, merely says that the document shall not be filed, does not mean that the filing shall not be void, for, as we have seen, the statute expressly provides that the document shall not be filed. If there is no filing, legally there is no document before the court.

To hold that a document signed by an attorney and filed in violation of the statutory provisions may be considered as if it had been filed by the party, is untenable. I conceive that such a conclusion could be reached if appellant's signature appeared in addition to the attorney's signature for, in that event, the latter's signature could perhaps be considered surplusage.

Since the document involved herein is a notice of appeal, the fact that the attorneys sent the bar stamp to this Court after the term to appeal had elapsed is tantamount to an untimely filing, and therefore, it confers no jurisdiction.

For the reasons stated I believe that the appeal should be dismissed.

Mr. Justice Negrón Fernández did not participate herein.

---

[1] In the English version this phrase is not underscored.